**George B. Maston, Appellee, v. J. C. Ross, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed December, 27, 1913.

### Statement of the Case.

Action by George B. Maston against J. C. Ross and Ellen Ross to recover commissions on a sale of real estate owned by defendants. A verdict was rendered against both defendants but the court granted a new trial to defendant, Ellen Ross, whereupon plaintiff dismissed the suit as to her without amending the declaration, and judgment was rendered against J. C. Ross for three hundred and twenty dollars. From the judgment, J. C. Ross appeals.

A. R. HALL and O. M. JONES, for appellant; HALL & HOLADAY, of counsel.

J. H. DYER and C. F. DYER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 192*—*when judgment against one joint defendant erroneous.* In an action against two defendants jointly for commissions on a sale of real estate, it being alleged that the defendants jointly owned the property and that the contract was made with them jointly, *held* that each defendant was a necessary party to the action and that a judgment entered against one upon a discontinuance of the action as to the other was erroneous.

2. JUDGMENT, § 192*—*when must be rendered against all joint defendants or none.* When an action is brought on a joint contract the judgment must be rendered against all the defendants or none, unless a defense is interposed which is personal to the defendant who makes it, such as infancy, coverture, lunacy, bankruptcy and the like, or unless one is joined as a defendant in the action who is an unnecessary or improper defendant.

3. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 11*—*when suit may be dismissed as to one or more joint defendants.* In actions *ex contractu* where a plaintiff has a right to bring an action against either one of several joint debtors or obligors as he may elect, as where there is a separate individual liability on each one of several joint debtors or obligors and the plaintiff sues more than one of them in the same action, he may dismiss as to some and take judgment as to the others, as in the case of joint sureties on a bond, the rule being that if one of the defendants could have been sued alone in the first instance then the others were not necessary parties, and the liability of the defendant retained in the suit is not thereby increased because each of the defendants were liable to the plaintiff for the whole amount of the debt.

